IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM MROCZKA,)
)
Plaintiff,)
)
vs.) Civil Action No. 09-306-J
)
MICHAEL J. ASTRUE,)
COMMISSIONER OF SOCIAL SECURITY,)
)
Defendant.)

ORDER

AND NOW, this 24th day of February, 2011, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

It should be noted that Plaintiff, in his brief in support of his motion for summary judgment, equates the assignment of certain Global Assessment of Functioning ("GAF") scores he received from several different treating mental health care providers with a finding by those providers that he is disabled. Specifically, he argues that the assignment of GAF scores of 30-50 by Dr. Anil Parekh, M.D., and other sources indicates that these treating sources found him to be disabled. However, GAF scores, while certainly evidence to be considered, do not directly correlate to a determination of whether an individual is or is not disabled under the Act:

> The GAF scale, which is described in the DSM-III-R (and the DSM-IV), is the scale used in the multiaxial evaluation system endorsed by the American Psychiatric Association. It does not have a direct correlation to the severity requirements in our mental disorders listings.

65 Fed. Reg. 50746, 50764-65. While under certain circumstances a GAF score can be considered evidence of disability, standing alone, a GAF score does not evidence an impairment seriously interfering with a claimant's ability to work. See Lopez v. Barnhart, 78 Fed. Appx. 675, 678 (10th Cir. 2003). GAF scores may indicate problems that do not necessarily relate to the ability to hold a job. See id.; Zachary v. Barnhart, 94 Fed. Appx. 817, 819 (10th Cir. 2004); Wilkins v. Barnhart, 69 Fed. Appx. 775, 780 (7th Cir. 2003); Howard v. Commissioner of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002); Power v. Astrue, 2009 WL 578478, at *8 (W.D. Pa. Mar. 5, 2009).

Indeed, a GAF score between 41 and 50 reflects "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) **OR** any serious impairment in social, occupational, **or** school functioning (e.g., no friends, unable to keep a job)." A GAF score between 31 and 40 reflects "some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) **OR** major impairment in several areas, such as work or school, family relations, judgment, thinking, **or** mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)." A GAF score between 21 and 30 reflects "behavior . . . considerably influenced by delusions or hallucinations **OR** serious impairment in communication or judgment (e.g., sometimes incoherent, acts grossly inappropriately, suicidal preoccupation) **OR** inability to function in almost all areas (e.g., stays in bed all day, no job, home, or friends)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (4th ed., Text Rev. 2000). Accordingly, the mere fact that several treating mental health care providers assigned certain GAF scores would not necessarily indicate that Plaintiff is disabled.

Nonetheless, a GAF score is evidence that an Administrative Law Judge ("ALJ") should consider in determining a claimant's impairments and limitations in setting forth the claimant's

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf: Counsel of record

---

residual functional capacity ("RFC") and in fashioning a hypothetical question to the vocational expert ("VE"). However, while a GAF score can assist an ALJ in understanding the limitations contained in the opinions of medical professionals, the actual number itself does little to describe the specific functional limitations caused by the claimant's impairments. See Howard, 276 F.3d at 241 ("While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy.").

Here, in any event, the ALJ did, in fact, consider the GAF scores assigned by Plaintiff's treating sources, including both the lower GAF scores cited by Plaintiff in his brief and higher GAF scores of up to 70 which were also assigned. He explained what weight he assigned to these scores and how the scores were inconsistent with each other and with other record evidence, including the health care providers' own clinical findings. Moreover, since a GAF score does not directly correlate to a finding of disability, and since a GAF score can mean many things, the ALJ looked beyond the scores themselves and considered the findings and opinions of the medical professionals who assigned these scores in determining Plaintiff's RFC and the hypothetical question to the VE.

Further, for the most part, the GAF scores assigned were not accompanied by any findings of specific limitations on Plaintiff's ability to work. As to the only findings related to Plaintiff's ability to work – Dr. Parekh's findings regarding Plaintiff's ability to engage in activities of daily living, function socially, and maintain concentration, persistence, and pace – the ALJ explained the weight he assigned to such findings and why such weight was assigned, and substantial evidence supports the ALJ's determinations.

It should be noted that there is actually some support for the proposition that a GAF score of 50, the score Plaintiff most commonly received, as well as the rough median of the scores he received, is a score which indicates the ability to perform some substantial gainful activity. See Hillman v. Barnhart, 48 Fed. Appx. 26, 30 n.1 (3d Cir. 2002).

Accordingly, substantial evidence supports the ALJ's decision.